IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KATHY PALO, as Administratrix of the Estate of Frank Nelson Palo, Jr., § § § § § Plaintiff, § § § VS. § § § DALLAS COUNTY, AND LUPE § VALDEZ, in her Official § Capacity as Sheriff of § Dallas County, Texas, § § Defendants. § | Civil Action No. 3:05-CV-0527-D |

MEMORANDUM OPINION
AND ORDER

In response to this civil rights action that plaintiff has initiated arising from the death of a detainee in the custody of Dallas County, defendant Dallas County initiated a third-party action against University of Texas Medical Branch at Galveston ("UTMB"), who by contract provided health care related services to Dallas County inmates. UTMB moves to dismiss, contending it is immune from suit under the Eleventh Amendment and is entitled to immunity under state law. The court reaches only the issue of Eleventh Amendment immunity, treats the motion as filed under Fed. R. Civ. P. 12(b)(1) rather than Rule 12(b)(6), and dismisses without prejudice Dallas County's third-party action against UTMB.[*]

---

[*] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the

Dallas County does not dispute that UTMB is a state agency that *can be* entitled to Eleventh Amendment immunity. It contends instead that UTMB waived such immunity by entering into a contract with Dallas County under which it agreed to indemnify the County, and by acting in a proprietary, for-profit capacity under which it received substantial compensation. "A State's consent to being sued in federal court must 'be unequivocally expressed[.]'" *Martinez v. Texas Dep't of Criminal Justice*, 300 F.3d 567, 575 (5th Cir. 2002). Even assuming *arguendo* that UTMB by the contractual indemnification clause waived its immunity from suit and liability—an issue the court does not now decide—it did not unequivocally waive its immunity from suit *in federal court*. The "test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one." *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1999) (quoting *Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 241 (1985)). Generally, Eleventh Amendment immunity is waived if the state voluntarily invokes federal court jurisdiction or makes a clear declaration that it intends to submit itself to such jurisdiction. *See id.* at 675-76. A state does not consent to suit in federal court merely by consenting to suit in the courts of its own creation, nor does it consent to suit in federal court merely

---

parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

by stating its intention to sue and be sued. *Id.* at 676. The court holds that, because UTMB did not expressly consent to be sued in federal court, it did not contractually waive its Eleventh Amendment immunity. *See Iowa Valley Cmty. Coll. Dist. v. Plastech Exterior Sys., Inc.*, 256 F.Supp.2d 959, 962-64 (S.D. Iowa 2003) (holding, *inter alia*, that regardless whether state department had waived immunity from suit in state court, it did not by entering into contract waive Eleventh Amendment immunity, and dismissing third-party action seeking indemnity from state department).

The court does not reach UTMB's other arguments because it lacks jurisdiction over Dallas County's third-party action against it. *See Pennhurst State Sch.& Hosp. v. Halderman*, 465 U.S. 89, 99 n.8 (1984) (holding Eleventh Amendment "deprives federal courts of any jurisdiction to entertain" claims entitled to immunity thereunder). UTMB's motion should be construed as one filed under Rule 12(b)(1), and the third-party action should be dismissed without prejudice. *See Warnock v. Pecos County, Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). If Dallas County re-files this action in Texas state court, it will be that court's decision whether UTMB is entitled to immunity from suit or liability.

UTMB's May 27, 2005 motion to dismiss is granted to the extent set forth, and Dallas County's third-party action is dismissed without prejudice by judgment filed today.

**SO ORDERED.**

August 29, 2005.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE